```
1  EUGENE G. IREDALE: SBN 75292
   JULIA YOO:  SBN 231163
2  GRACE JUN: SBN 287973
3  IREDALE & YOO, APC
   105 West F Street, Fourth Floor
4  San Diego, CA 92101-6036
5  TEL: (619) 233-1525   FAX: (619) 233-3221
6
   Attorneys for Plaintiffs Estate of Alejandro Valencia Mendez et al.
7
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO VALENCIA MENDEZ, by and through its successor-in-interests Alejandro Valencia Linares and Alejandrina Valencia Linares; ALEJANDRO VALENCIA LINARES, an individual, and ALEJANDRINA VALENCIA LINARES, an individual<br><br>　　　　　Plaintiffs,<br>v.<br><br>CITY OF LOS ANGELES, DOE 1, DOE 2, and DOES 3 – 25,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1) Excessive Force (42 U.S.C. § 1983)<br>2) Wrongful Death (42 U.S.C. § 1983)<br>3) Wrongful Death (Battery) - Survival Action (CCP § 377.30)<br>4) Wrongful Death (Negligence) - Survival Action (CCP § 377.30)<br>5) Wrongful Death (Battery) (CCP § 377.60)<br>6) Wrongful Death (Negligence) (CCP § 377.60)<br>7) Violation of Civ. Code § 52.1 (Bane Act)<br><br>**JURY TRIAL IS HEREBY DEMANDED PURSUANT TO FRCP RULE 38** |

COMES NOW Plaintiffs ESTATE OF ALEJANDRO VALENCIA MENDEZ, by and through its successor-in-interests Alejandro Valencia Linares and Alejandrina Valencia Linares; ALEJANDRO VALENCIA LINARES, an individual, and ALEJANDRINA VALENCIA LINARES, an individual, by and through their attorneys of record, Iredale and Yoo, APC, to allege and complain as follow:

## I.
## GENERAL ALLEGATIONS

1. This is an action under 42 U.S.C. § 1983 to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States. This action involves state law causes of action as well.

2. Jurisdiction is based upon the existence of a federal question, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4).

3. This Court has supplemental jurisdiction over any pendent state law claims under 28 U.S.C. § 1367(a).

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Central District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in the city and county of Los Angeles, within the Central District of California.

5. This action is brought on behalf of Plaintiff ESTATE OF ALEJANDRO VALENCIA MENDEZ. Decedent Alejandro Valencia Mendez ("Alejandro Mendez") died intestate. He had no surviving spouse at the time of his death. Plaintiffs ALEJANDRO VALENCIA LINARES and ALEJANDRINA VALENCIA LINARES are the surviving children of decedent Alejandro Valencia Mendez and the heirs and beneficiaries of his estate. Thus, they are the successors-in-interest to the Estate of Alejandro Valencia Mendez.

6.  Plaintiffs ALEJANDRO VALENCIA LINARES and ALEJANDRINA VALENCIA LINARES further bring this action in their own right for the loss of their father, Alejandro Valencia Mendez, who was 70-years old at the time of his death.

7.  Plaintiffs ESTATE OF ALEJANDRO VALENCIA MENDEZ, ALEJANDRO VALENCIA LINARES, and ALEJANDRINA VALENCIA LINARES have properly complied with the claims requirement of the California Tort Claims Act pursuant to Cal. Gov. Code §§ 910 *et seq*. On July 6, 2017, the City of Los Angeles rejected the claims of all Plaintiffs.

8.  Defendant DOE 1 is a Los Angeles Police Department (LAPD) officer who encountered decedent Alejandro Valencia Mendez on March 4, 2017, and Tased decedent Alejandro Valencia Mendez.

9.  Defendant DOE 2 is a LAPD officer who shot and killed Alejandro Valencia Mendez on March 4, 2017.

10. Defendants DOES 3 – 25 are police officials, agents, and employees of the LAPD, including officials who supervised DOE 1 and DOE 2.

11. At all times relevant to this complaint, Defendants DOES 1-25 were police officials, agents, and employees of Defendant CITY OF LOS ANGELES. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, each Defendant acted within the scope of agency or employment.

12. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants caused, and is responsible for the below-described unlawful conduct and resulting injuries in that each of the Defendants participated in the unlawful conduct or acted jointly with others who did so; authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take action to prevent the unlawful conduct; and/or failed to prevent further harm to Plaintiffs.

13. At all times relevant hereto, these defendants were acting in their professional capacity and within the scope of their employment.

14. Plaintiffs are ignorant of the true names and capacities of DOES 1 - 25 and/or the facts giving rise to their liability and will amend this complaint once their identities as well as the facts giving rise to their liability have been ascertained.

15. Defendants, including DOES 1 - 25, were the agents, servants and employees of Defendant CITY OF LOS ANGELES, of each other, and of the other named defendants. At all times, Defendants, including DOES 1 – 25, were acting within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer. Each of the defendants had approved or ratified the actions of the other defendants, thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## II.
## FACTUAL BACKGROUND

16. On March 4, 2017, decedent Alejando Valencia Mendez (hereinafter "DECEDENT") was walking through downtown Los Angeles. DECEDENT was 70-years old at the time.

17. According to the Los Angeles County Coroner's Department Investigator's Report, two LAPD officers encountered DECEDENT near the corner of Olympic Boulevard and Broadway.

18. The Los Angeles County Coroner's Department Investigator's Report noted the following observations regarding DECEDENT recorded in the paramedic notes: DECEDENT was "wearing a name band from an unknown hospital facility. The decedent was wearing hospital socks, no shoes, he had poor hygiene and smelled of urine."

19. On the date of his death, DECEDENT wore a black sweater, black sweatpants and appeared agitated and disheveled. He was in a state of distress and appeared to be mentally disturbed. He had no shoes. Because he had previously

been attacked while living without a home, DECEDENT had a long stick in his hand that he held with both hands.  At one point, DECEDENT walked away from officers with his back towards the officers.  After these officers yelled at him, he then turned around towards the officers.  DECEDENT was not swinging the stick.  Both of his hands were visible as he was holding the stick in front of him.  He was many feet away from the two uniformed police officers.

20. According to the Coroner's Investigator's Report, Defendant DOE 1 shot DECEDENT with a Taser, but the Taser did not appear to make skin contact.

21. Defendant DOE 2 fired two gunshots and DECEDENT immediately fell to the ground.

22. The Los Angeles County Coroner's office determined the cause of death to be gunshot wounds to DECEDENT's head and neck and deemed the manner of death to be a homicide.

23. California Penal Code § 13515.25 requires the Commission on Peace Officer Standards and Training (POST) to establish continuing education curriculum and training regarding law enforcement officers' interactions with mentally disabled individual.  Specifically, Pen. Code § 13515.25(b) requires California law enforcement officers to be trained on the following:

- Conflict resolution and de-escalation techniques for potentially dangerous situations involving a person with a mental disability.
- Appropriate language usage when interacting with a person with a mental disability.
- Alternatives to lethal force when interacting with potentially dangerous persons with mental disabilities.

Cal. Pen. Code §§ 13515.25(b)(3) – (5).

24. Pursuant to Pen Code § 13515.25, POST Basic Curriculum, Learning Domain # 37, recognizes mentally disturbed individuals are ill, not criminal suspects:

> Law enforcement routinely encounters persons with mental illness in a variety of settings. The causes and impacts of mental illness vary and are not bound by race, gender, or socioeconomic status. How peace officers respond to persons living with a mental disorder can have tremendous impact on how these encounters will be resolved. The basic philosophy of any law enforcement officer should be to respond in a manner that is humane, compassionate, and supportive. Mental illnesses are a medical condition that affect a person's thinking, feeling, mood, ability to relate to others, and disrupt daily functioning. Persons managing a mental illness can have a substantially diminished capacity for coping with the ordinary demands of life. . . . Several million people in this country are diagnosed with a serious long term mental illness.

POST Learning Domain #37, page 4 – 4.

## I.
## **FIRST CAUSE OF ACTION**
### EXCESSIVE FORCE (42 U.S.C. § 1983)
### (BY PLAINTIFF ESTATE OF ALEJANDRO VALENCIA MENDEZ AGAINST DEFENDANTS DOE 1, DOES 2, AND DOES 3 - 25)

25. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

26. 42 U.S.C. § 1983 provides in part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

27. Decedent Alejandro Mendez had a firmly established right under the Fourth Amendment to be free from official infliction of excessive force.

28. Alejandro Mendez posed no threat to Defendant Does 1 and 2 when they Tased Alejandro, then shot him to death.  Defendants' use of fatal force, under color of state law, in Tasing and shooting decedent when he presented no threat to anyone was unnecessary and excessive.

29. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.

30. The conduct alleged herein caused Alejandro to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably, and actually caused Decedent to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.

31. The conduct alleged herein was done in deliberate or reckless disregard of Alejandro's constitutionally protected rights, justifying the award of exemplary damages against defendant officers in an amount according to proof at trial to deter defendants from engaging in similar conduct and to make an example by way of monetary punishment.  Plaintiff Estate is also entitled to attorneys' fees and costs of suit herein.

## II.
## SECOND CAUSE OF ACTION
## WRONGFUL DEATH (42 U.S.C. § 1983)
## (BY PLAINTIFF ESTATE OF ALEJANDRO VALENCIA MENDEZ AGAINST DEFENDANTS DOE 1, DOES 2, AND DOES 3 - 25)

32. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by reference.

33. Defendant DOE 1, DOE 2, and DOES 3 – 25, acting under color of law, committed wrongful acts which proximately caused the death of Alejandro Mendez.  They deprived Alejandro Mendez of his rights under the United States

1  Constitution to be free from the use of excessive force and punishment without due
2  process.
3      34.    Defendants' acts and failures to act resulted in the death of Alejandro
4  Mendez.
5      35.    By their conduct, Defendants violated Alejandro Mendez's
6  constitutional rights to be free from excessive force, a right guaranteed under the
7  Fourth and Fourteenth Amendments.
8      36.    The force used was unreasonable and performed with conscious
9  indifference to the safety and welfare of Alejandro Mendez.
10     37.    The conduct resulted in a deprivation of Decedent's rights alleged
11 above which has legally, proximately, foreseeably and actually caused Decedent to
12 suffer emotional distress, pain and suffering, and further general and special
13 damages according to proof at the time of trial.
14     38.    The conduct was done in deliberate or reckless disregard of
15 decedent's Constitutionally protected rights, justifying the award of exemplary
16 damages against defendant officers in an amount according to proof at the time of
17 trial to deter the Defendants from engaging in similar conduct and to make an
18 example by way of monetary punishment.  Plaintiff Estate is also entitled to
19 attorneys' fees and costs of suit herein.

### III.
### THIRD CAUSE OF ACTION
### Wrongful Death - Survival Action (CCP § 377.30)
### (Battery)
### BY PLAINTIFF ESTATE OF ALEJANDRO VALENCIA MENDEZ AGAINST DEFENDANTS DOE #1, #2, DOES 3 – 25 and CITY OF LOS ANGELES

39.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

40. Defendants DOE 1, DOE 2, and DOES 3 – 25 acted with an intent to cause harmful or offensive contact to decedent Alejandro Mendez, and the intended harmful or offensive contact did in fact occur, killing Alejandro Mendez.

41. The harmful or offensive contact was neither privileged nor did Alejandro consent to such contact.

42. The harmful or offensive contact employed by Defendants Doe 1, Doe 2, and Does 3-25 was not reasonable.

43. As a result of the intent of Defendants to cause harmful or offensive contact with decedent Alejandro Mendez, and the fact that the intended harmful or offensive contact did in fact occur, Alejandro Mendez suffered damages according to proof at the time of trial.

44. The conduct of Defendants DOE 1, DOE 2, and DOES 3 – 25 amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

45. At all times mentioned herein, Defendants DOES 1 – 25 were agents and employees of Defendant CITY OF LOS ANGELES and, in doing the acts described herein, were acting in the course and scope of their authority as agents and employees and in the transaction of their agency and employment. Defendant CITY OF LOS ANGELES, therefore, is vicariously liable to Plaintiffs for the acts and/or omissions of Defendants DOES 1, 2, and 3 – 25 as alleged herein pursuant to Cal. Gov. Code § 815.2.

**IV.**
**FOURTH CAUSE OF ACTION**
**Wrongful Death - Survival Action (CCP § 377.30)**
**(Negligence)**
**BY PLAINTIFF ESTATE OF ALEJANDRO VALENCIA MENDEZ AGAINST DEFENDANTS DOE #1, #2, DOES 3 – 25 and CITY OF LOS ANGELES**

46. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

47. DOE 1, DOE 2, and DOES 3 – 25 owed a duty of care to decedent Alejandro Mendez to avoid inflicting harm on him by violating the standard of care applicable to a California peace officer who is required to comply with California law and Constitutional restraints on unlawful and excessive use of force.

48. DOE 1, DOE 2, and DOES 3 – 25 had an obligation of due care when interacting with an obviously and visibly mentally ill person who could not care for himself.

49. DOE 1, DOE 2, and DOES 3 – 25 had an obligation of due care to avoid the use of excessive, unnecessary, and lethal force on a mentally ill individual who posed no threat at the time Defendants used such force.

50. DOE 1, DOE 2, and DOES 3 – 25 violated that standard of care.

51. Defendants DOE 1's, DOE 2's, and DOES 3 – 25's conduct, in breach of the standard of care, caused Alejandro Mendez's death.

52. At all times mentioned herein, Defendants DOES 1 – 25 were agents and employees of Defendant CITY OF LOS ANGELES and, in doing the acts described herein, were acting in the course and scope of their authority as agents and employees and in the transaction of their agency and employment. Defendant CITY OF LOS ANGELES, therefore, is vicariously liable to Plaintiffs for the acts and/or omissions of Defendants DOES 1, 2, and 3 – 25 as alleged herein pursuant to Cal. Gov. Code § 815.2.

### V.
### FIFTH CAUSE OF ACTION
### Wrongful Death (CCP § 377.60)
### (Battery)
### BY PLAINTIFFS ALEJANDRO VALENCIA LINARES and ALEJANDRINA VALENCIA LINARES AGAINST DEFENDANTS DOE #1, #2, DOES 3 – 25 and CITY OF LOS ANGELES

53. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

54. Defendants DOE 1, DOE 2, and DOES 3 – 25 acted with an intent to cause harmful or offensive contact to decedent Alejandro Mendez, and the intended harmful or offensive contact did in fact occur, killing Alejandro Mendez.

55. The harmful or offensive contact was neither privileged nor consented to.

56. The harmful or offensive contact employed by Defendants Doe 1, Doe 2, and Does 3-25 was not reasonable.

57. As a result of the intent of Defendants to cause harmful or offensive contact with decedent Alejandro Mendez, and the fact that the intended harmful or offensive contact did in fact occur, Alejandro Mendez died, causing Plaintiffs Alejandro Valencia Linares and Alejandrina Valencia Linares to suffer damages according to proof at the time of trial.

58. At all times mentioned herein, Defendants DOES 1 – 25 were agents and employees of Defendant CITY OF LOS ANGELES and, in doing the acts described herein, were acting in the course and scope of their authority as agents and employees and in the transaction of their agency and employment. Defendant CITY OF LOS ANGELES, therefore, is vicariously liable to Plaintiffs for the acts and/or omissions of Defendants DOES 1, 2, and 3 – 25 as alleged herein pursuant to Cal. Gov. Code § 815.2.

## VI.
## SIXTH CAUSE OF ACTION
### Wrongful Death (CCP § 377.60)
### (Negligence)
### BY PLAINTIFFS ALEJANDRO VALENCIA LINARES and ALEJANDRINA VALENCIA LINARES AGAINST DEFENDANTS DOE #1, #2, DOES 3 – 25 and CITY OF LOS ANGELES

59. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

60. DOE 1, DOE 2, and DOES 3 – 25 owed a duty of care to decedent Alejandro Mendez to avoid inflicting harm on him by violating the standard of care

applicable to a California peace officer who is required to comply with California law and Constitutional restraints on unlawful and excessive use of force.

61. DOE 1, DOE 2, and DOES 3 – 25 had an obligation of due care when interacting with an obviously and visibly mentally ill person who could not care for himself.

62. DOE 1, DOE 2, and DOES 3 – 25 had an obligation of due care to avoid the use of excessive, unnecessary, and lethal force on a mentally ill individual who posed no threat at the time Defendants used such force.

63. DOE 1, DOE 2, and DOES 3 – 25 violated that standard of care.

64. Defendants DOE 1's, DOE 2's, and DOES 3 – 25's conduct, in breach of the standard of care, killed Alejandro Mendez, causing Plaintiffs Alejandro Valencia Linares and Alejandrina Valencia Linares to suffer damages according to proof at the time of trial.

65. At all times mentioned herein, Defendants DOES 1 – 25 were agents and employees of Defendant CITY OF LOS ANGELES and, in doing the acts described herein, were acting in the course and scope of their authority as agents and employees and in the transaction of their agency and employment. Defendant CITY OF LOS ANGELES, therefore, is vicariously liable to Plaintiffs for the acts and/or omissions of Defendants DOES 1, 2, and 3 – 25 as alleged herein pursuant to Cal. Gov. Code § 815.2.

## VII.
## SEVENTH CAUSE OF ACTION
### VIOLATION OF CAL. CIV. CODE § 52.1 (BANE ACT)
### (BY PLAINTIFF ESTATE OF ALEJANDRO VALENCIA MENDEZ AGAINST DEFENDANTS DOE #1, #2, and DOES 3 - 25 )

66. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

67. The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any

individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by force, threats, intimidation, coercion or attempted threats, intimidation or coercion.

68. Defendants interfered with decedent Alejandro Mendez's rights by the use of force and intimidation alleged above.

69. This interference with decedent Alejandro Mendez's rights was perpetrated in violation of California Civil Code Section 52.1 and their right to be free from excessive force under the California Constitution.

70. Due to the violation of decedent Alejandro Mendez's rights by Defendants DOE 1, DOE 2, and DOES 3-25, Alejandro Mendez died, causing damages according to proof at the time of trial.

71. Plaintiff Estate is also entitled to the statutory civil penalties set forth in Civil Code Section 52, attorneys' fees, and costs of suit incurred herein.

72. The conduct of Defendants DOE 1, DOE 2, and DOES 3-25 also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment as follows:

a) For compensatory general and special damages in an amount in accordance with proof.

b) For punitive damages as permitted by applicable law.

c) For reasonable attorneys' fees, expenses and costs of suit as permitted by applicable law.

d) For any other relief that is just and proper.

///
///
///

# JURY DEMAND

Pursuant to the Seventh Amendment of the U.S. Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial in this action.

DATED: January 4, 2018                    Respectfully submitted,

                                                                   IREDALE AND YOO, APC

                                                                   s/ *Eugene Iredale*
                                                                   Eugene G. Iredale
                                                                   Julia Yoo
                                                                   Grace Jun
                                                                   Attorney for Plaintiffs