# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEJANDRO VALENCIA MENDEZ, by and through its successor-in-interests Alejandro Valencia Linares; ALEJANDRO VALENCIA LINARES, an individual, and ALEJANDRINA VALENCIA LINARES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, DOE 1, DOE 2, and DOES 3 - 25,<br><br>Defendant. | **Case No. CV18-00082 R-MRW**<br>*Hon Judge Manuel L. Real; Crtm 880*<br>*Hon Magistrate Judge: Michael R. Wilner*<br><br>**STIPULATED PROTECTIVE ORDER RE FORCE INVESTIGATION REPORT** |

1. <u>INTRODUCTION</u>

   a. <u>PURPOSES AND LIMITATIONS</u>

   Discovery in this action is likely to involve production of items defendants allege are confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter

1

the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3., below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      b.    <u>GOOD CAUSE STATEMENT</u>

Plaintiffs ESTATE OF ALEJANDRO VALENCIA MENDEZ, by and through its successor-in-interests Alejandro Valencia Linares; ALEJANDRO VALENCIA LINARES, an individual, and ALEJANDRINA VALENCIA LINARES, an individual, (hereinafter referred to as "Plaintiffs"), by and through their attorneys of record, Eugene G. Iredale, Esq, Julia Yoo, Esq, and Grace Jun, Esq., and Defendant CITY OF LOS ANGELES, (hereinafter referred to as "Defendant"), by and through its attorneys of record, Michael N. Feuer, City Attorney, Cory M. Brente, Senior Assistant City Attorney, and Christian R. Bojorquez, Deputy City Attorney, conferred regarding the Production of the production of various documents.

*Defendants' Statement of Good Cause:*

Defendants contend the Force Investigation Division of the Los Angeles Police Department and the Internal Affairs and/or Complaint Investigators conduct internal administrative investigations of categorical officer-involved uses of force and internal complaints and external citizen complaints of police misconduct.  In this above-captioned matter, the Force Investigation Division of the Los Angeles Police Department conducted an internal administrative investigation into the events of this underlying incident.  Such information is obtained through the administrative investigation of this incident and are maintained as confidential peace officer personnel records and utilized for administrative

issues for any involved Officers.  Defendants contend that a Protective Order is appropriate for the following Good Cause reasons:

Once completed, an FID report and/or Personnel Complaint Investigation is prepared. Such reports are reviewed by appropriate command officers in the Department and by the Board of Police Commissioners.  This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc.; should be modified.  In sum, FID reports and/or Personnel Complaint Investigations are an essential aid to providing critical self-evaluation of Department officers and policies and to determine the most effective way to serve the citizens of Los Angeles.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1 <u>Action</u>: This pending lawsuit, Estate of Alejandro Valencia Mendez, et al. v. City of Los Angeles, et al. 2:18-cv-00082 R MRW

    2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement.

2.4 Counsel: Counsel of Record and their support staff.

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this manner.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party, and includes support staff.

2.10 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Pursuant to several meet and confers, in lieu of seeking Court Intervention, Defendants have agreed to Provide the Following Documents as "CONFIDENTIAL" materials:

A) Force Investigation Division Documents Re: the underlying abovementioned lawsuit, as follows, except for any documents contained in the FID Report which, on their own, are not confidential documents, e.g. the arrest report, the 51.7 form, among others:

a. Force Investigation Division Investigation Records;

b. Any and all documents, interviews, Officer Statements and/or writings created during such Investigation, which include, but are not limited to, the following:

Force Investigation Division Records
- Interviews;
- Officer Statements, whether written or recorded;
- Legend w/diagram;
- Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
- Investigative Internal Narrative Memoranda;

This list is not exclusive, and also includes other materials later agreed-upon and/or ordered by the Court to be designated as Protected Material under this Protective Order. The inclusion of this list does not constitute an agreement by Plaintiffs that the CONFIDENTIAL designation is in fact appropriate for any of the aforementioned

5

materials. Plaintiffs reserve all rights to challenge these and any other designations pursuant to the procedures set forth below in section 6 *et seq.*

It must be noted that Defendants are producing the FID Investigation materials based upon the agreement of Counsel to enter into this Stipulation for Protective Order and are relying upon the good faith negotiations that have taken place this far in this litigation.

    2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Should any Protected Material become part of the public record at trial or otherwise (such as a where the Court denies the request to file under seal), this Protective Order shall no longer apply to the portions which became part of the public record at trial with the exception that any such material must still be returned in compliance with Section 12: Final Disposition.

Should any portion of the Protected Material remain confidential until trial, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants may request the opportunity to show good cause to the Court as to why access to the courtroom should be limited to parties, their

counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

For all portions of the Protected Material which remain confidential, after final disposition, the confidentiality obligations by this Order shall remain in effect.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) In any event wherein any portion of this matter is remanded to State Court, refiled in State Court or severed from the Federal matter and returned to State Court; and/or (3) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### 5.2 Manner and Timing of Designations.

Designating the Protected Material listed above shall be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect with corresponding case number. The documents and writings so designated, and all information derived therefrom shall be treated in accordance with the terms of this stipulation/protective order. Any party stamping any of the Confidential Materials may not stamp the records in such a way as to make any written portion of the records illegible. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For testimony given in deposition, the Designating Party must so identify it before the close of the deposition.

### 5.3 Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1 Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 6.2 Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

///

///

6.3 Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and no other matter. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

In the event only certain claims are severed and remanded to State Court, refiled in State Court or claims severed and remanded to State Court, then the Parties shall meet and confer pursuant to Local Rule 37-1 regarding the disposition of all materials produced pursuant to this Protective Order. In the event that the parties are unable to reach an informal agreement, the Parties shall file an appropriate motion with the Court utilizing the joint stipulation procedures set forth in Local Rule 37-2.

In the event this entire matter is remanded to State Court or dismissed and refiled in State Court then all materials, including the FID Investigation as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding. All

Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted

to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OR PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. MISCELLANEOUS

11.1 Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it Otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 *et seq*. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

////

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13. **VIOLATIONS OF ORDER**:

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*IT IS SO STIPULATED.*

Dated: December 14, 2018       IREDALE & YOO, APC
                                By:     /S/ Eugene G. Iredale
                                    EUGENE G. IREDALE, ESQ.
                                    JULIA YOO, ESQ.
                                    GRACE JUN, ESQ.
                                Attorneys for Plaintiffs ESTATE OF ALEJANDRO VALENCIA MENDEZ, et al.

Dated: December 14, 2018       MICHAEL N. FEUER, City Attorney
                                THOMAS H. PETERS, Chief Assistant City Attorney
                                CORY M. BRENTE, Senior Assistant City Attorney

                                By:    /S/ Christian R. Bojorquez
                                    CHRISTIAN R. BOJORQUEZ, Deputy City Attorney
                                Attorneys for Defendant CITY OF LOS ANGELES, NESTOR ESCOBAR, and ALEJANDRO PINEDA

*IT IS SO ORDERED.*

DATED: December 26, 2018       _____
                                HONORABLE MANUEL L. REAL
                                United States District Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____